**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN THE MATTER OF THE COMPLAINT                    CIVIL ACTION
OF THE OWNERS OF THE M/V UNCLE
ROBERT FOR EXONERATION FROM                       NO: 18-10526
OR LIMITATION OF LIABILITY
                                                  SECTION: T(5)

## ORDER

Before the Court is a Motion for Partial Summary Judgment on Alexis Marine, LLC's Negligence[1] filed by Claimant Shacall Johnson ("Claimant") and adopted by claimants Shawndrake Nettles, James Bush, Deleverly Fisher, and Valerie Harris.[2] Alexis Marine, LLC ("Alexis Marine"), owner of the M/V UNCLE ROBERT, has filed an opposition.[3] For the following reasons, the Motion for Partial Summary Judgment on Alexis Marine, LLC's Negligence[4] is **DENIED.**

## BACKGROUND

This matter arises out of a May 7, 2018 incident where the towing vessel M/V UNCLE ROBERT (the "vessel") was navigating northbound near mile marker 93 on the Mississippi River when a fire broke out in the vessel's engine room.[5] Following that fire, the vessel lost power and allided with a moored barge unloading cargo from an ocean-going vessel moored at or nearby the Poland Avenue Wharf. Following the casualty, numerous parties made demand upon Alexis Marine alleging property damage and personal injuries. Claimant moves for partial summary judgment seeking to establish Alexis Marine's sole negligence pursuant to The Oregon Rule and The Louisiana Rule.

---

[1] R. Doc. 54.
[2] R. Doc. 55 and 56.
[3] R. Doc. 66.
[4] R. Doc. 54.
[5] R. Doc. 1.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[7] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[8]

To prevail on a negligence claim under admiralty law, the plaintiff must prove: (1) that the defendant owed it a duty; (2) the defendant breached that duty; (3) the breach was the cause-in-fact and legal cause of plaintiff's damages; and, (4) actual damages.[9] In admiralty cases, the standard of care is established by statutes or regulations, maritime custom, or by the general principles of negligence law.[10] If "two or more parties have contributed by their fault to cause property damage in a maritime collision or stranding, liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault."[11]

There are presumptions and burden-shifting principles that govern the imposition of liability for allisions on navigable waterways. Under The Oregon Rule, it is presumed that a moving vessel is at fault when it allides with a stationary object.[12] Thus, the owner of a stationary object that is hit by a moving vessel can satisfy its initial burden of demonstrating the breach of a

---

[6] Fed. R. Civ. P. 56(a).

[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).

[8] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

[9] *In re Mid–S. Towing Co*., 418 F.3d 526, 531 (5th Cir.2005).

[10] *S.C. Loveland, Inc. v. E.W. Towing, Inc*., 608 F.2d 160, 165 (5th Cir.1979).

[11] *United States v. Reliable Transfer Co*., 421 U.S. 397, 95 S.Ct. 1708, 1715–16, 44 L.Ed.2d 251 (1975).

[12] *The Oregon*, 158 U.S. 186, 15 S.Ct. 804, 807, 39 L.Ed. 943 (1895).

duty on the part of the vessel by invoking The Oregon Rule.[13] "This presumption operates to shift the burden of proof—both the burden of producing evidence and the burden of persuasion—onto the moving ship."[14] The vessel can rebut the presumption by proving, by a preponderance of the evidence, that the stationary object was at fault for the allision, that it acted with reasonable care, or that the allision was an unavoidable accident.[15] The Louisiana Rule, likewise, creates the rebuttable presumption that in collisions or allisions involving a drifting vessel, the drifting vessel is at fault.[16]

In this case, the vessel allided with a moored barge unloading cargo from an ocean-going vessel. However, the Court finds that there are disputed material facts precluding summary judgment. As Alexis Marine points out, fact discovery remains underway, and the Court cannot determine if the application of The Oregon and Louisiana rules is appropriate based on the summary judgment evidence provided by the parties. Therefore, there are contested issues of material fact that preclude a finding as to whether Alexis Marine was solely at fault.

### CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Summary Judgment on Alexis Marine, LLC's Negligence[17] is **DENIED.**

**New Orleans, Louisiana**, on this 19th day of March, 2020.

_____
**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**

---

[13] *Id.*
[14] *Am. Petrofina Pipeline Co. v. M/V SHOKO MARU*, 837 F.2d 1324, 1326 (5th Cir.1988) (*citing Delta Transload, Inc. v. M/V NAVIOS COMMANDER*, 818 F.2d 445, 449 (5th Cir.1987)).
[15] *Id.* (*citing Bunge Corp. v. M/V FURNESS BRIDGE,* 558 F.2d 790, 795 (5th Cir.1977)).
[16] *Combo Mar., Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 602 (5th Cir.2010) (*citing James v. River Parishes Co.*, 686 F.2d 1129, 1131–32 (5th Cir.1982)).
[17] R. Doc. 54.