**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT** | **CIVIL ACTION** |
| **OF THE OWNERS OF THE M/V UNCLE** | |
| **ROBERT FOR EXONERATION FROM** | **NO: 18-10526** |
| **OR LIMITATION OF LIABILITY** | |
| | **SECTION: T(5)** |

## ORDER

Before the Court is a Motion in Limine to limit and/or exclude expert testimony by Ron Campana, George Beck, and Robert Harshman[1] filed by Alexis Marine, LLC ("Alexis Marine"), owner of the M/V UNCLE ROBERT. Shawndrake Nettles, Shacall Johnson, Valerie Harris, Deleverly Fisher and James Bush ("Claimants") have filed an opposition.[2] For the following reasons, the Motion in Limine to limit and/or exclude expert testimony by Ron Campana, George Beck, and Robert Harshman[3] is **DENIED.**

## BACKGROUND

This matter arises out of a May 7, 2018 incident where the towing vessel M/V UNCLE ROBERT (the "Vessel") was navigating northbound near mile marker 93 on the Mississippi River when a fire broke out in the Vessel's engine room.[4] Following that fire, the Vessel lost power and allided with a moored barge unloading cargo from an ocean-going vessel moored at or nearby the Poland Avenue Wharf. Following the casualty, numerous parties made demand upon Alexis Marine alleging property damage and personal injuries.

Ron Campana, George Beck, and Robert Harshman have been retained by Claimants to offer expert testimony at trial. Mr. Harshman is an engineer and is designated by the Claimants to

---

[1] R. Doc. 89.
[2] R. Doc. 90.
[3] R. Doc. 89.
[4] R. Doc. 1.

offer testimony on the cause and origin of fire aboard the Vessel. Mr. Campana and Mr. Beck are marine surveyors. Mr. Campana is designated to offer opinions on the Vessel's operations, regulations, management, and safety issues. Mr. Beck is designated as an expert on compliance with the U.S. Coast Guard's Subchapter M regulations. Alexis Marine contends that any opinions of Mr. Campana and Mr. Harshman which rely on the findings of the U.S. Coast Guard's investigative report regarding the May 7, 2018 incident should be excluded at trial. Claimants, however, contend that the experts do not rely upon any findings of the United States Coast Guard, and that Alexis Marine's motion should, therefore, be denied.

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[5] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[6]

46 U.S.C. § 6308 makes clear that no part of a marine investigation or report is admissible in a civil proceeding, stating "no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil

---

[5] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir.2006).
[6] *Moore v. Ashland Chemical, Inc*., 151 F.3d 269, 276 (5th Cir.1998).

or administrative proceedings." By the plain language of the statute, the Coast Guard report disputed here is not admissible evidence in this case. The report may not be introduced into evidence by any party or witness and no portion of the report may be considered.[7]

This Court intends to enforce 46 U.S.C § 6308(a) by prohibiting any portion of the Coast Guard report from being admitted into evidence. However, Claimants represent that "[n]one of the Claimants' experts – Harshman, Campana and Beck – rely upon any findings of the United States Coast Guard."[8] Although the Court finds that Alexis Marine raises valid arguments concerning Claimants' expert's opinions which rely on the findings of the U.S. Coast Guard's investigative report, the Court is not persuaded that expert testimony by Ron Campana, George Beck, and Robert Harshman should be wholly excluded. Because this is a bench trial and the Court has great discretion in allowing evidence during a bench trial,[9] it is not necessary for the Court to preemptively exclude the testimony by Ron Campana, George Beck, and Robert Harshman. The issues raised by Alexis Marine can be raised at trial and explored on cross-examination but do not necessitate completely excluding the testimony of Ron Campana, George Beck, and Robert Harshman.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine to limit and/or exclude expert testimony by Ron Campana, George Beck, and Robert Harshman[10] is **DENIED**.

**New Orleans, Louisiana**, on this 22nd day of May, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[7] *The Tokio Marine and Fire Insurance Co., Ltd. v. MV FLORA,* 1998 WL 516110 (E.D.La.1998); *see Complaint of Danos & Curole Marine Contractors, Inc.*, 278 F.Supp.2d 783 (E.D.La.2003).
[8] R. Doc. 90, p.2.
[9] *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[10] R. Doc. 89.