UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THE OWNERS OF THE M/V UNCLE ROBERT FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 18-10526<br><br>SECTION: T(5) |

## ORDER

Before the Court is a Motion to Bifurcate Issues of Exoneration from and Limitation of Liability from Damages (R. Doc. 109) filed by Shawndrake Nettles, Valerie Harris, Deleverly Fisher and James Bush. Alexis Marine, LLC ("Alexis Marine"), owner of the M/V UNCLE ROBERT has filed an opposition (R. Doc. 115). For the following reasons, the Motion to Bifurcate Issues of Exoneration from and Limitation of Liability from Damages (R. Doc. 109) is **GRANTED.**

## BACKGROUND

This matter arises out of a May 7, 2018 incident where the towing vessel M/V UNCLE ROBERT (the "Vessel") was navigating northbound near mile marker 93 on the Mississippi River when a fire broke out in the Vessel's engine room.[1] Following that fire, the Vessel lost power and allided with a moored barge unloading cargo from an ocean-going vessel moored at or nearby the Poland Avenue Wharf. Following the casualty, numerous parties made demand upon Alexis Marine alleging property damage and personal injuries.

---

[1] R. Doc. 1.

1

One claimant, Shacall Johnson, filed suit in the Civil District Court in Orleans Parish, but Shacall Johnson's claims have been resolved. On November 5, 2018, Alexis Marine filed for limitation in this Court.[2] Valerie Harris, Deleverly Fisher and James Bush are the remaining claimants ("Claimants"). This case is scheduled for trial on all issues beginning on July 13, 2020 to the Court without a jury. Claimants contend that they are entitled to trial by jury on their general maritime law claims and that they are entitled to such a trial in their chosen forum of Civil District Court in Orleans Parish.[3]

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 42(b), a district court "may order a separate trial" of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize."[4] The rule leaves the decision to order the separation of a particular issue in the sound discretion of the Court.[5] Bifurcation is appropriate when the separation of issues will "achieve the purposes" of Rule 42(b).[6] "[S]eparate trials should be the exception, not the rule."[7] Indeed, "the Fifth Circuit has ... cautioned district courts to bear in mind before ordering separate trials in the same case that the 'issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice.'"[8] In sum, courts must consider the justifications for

---

[2] R. Doc. 1.
[3] R. Doc. 109-1.
[4] Fed R. Civ. P. 42(b); *see also Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995).
[5] *See Conkling*, 18 F.3d at 1293; *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial ... is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis.").
[6] *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. Aug. 2019 update).
[7] *Laitram*, 791 F. Supp. at 114; *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed.").
[8] *Laitram*, 791 F. Supp. at 115 (alteration in original) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).

bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate.[9]

The Court finds that bifurcating the trial is appropriate pursuant to Rule 42(b) because bifurcation will be more convenient, will prevent prejudice, and will expedite and economize judicial resources. The limitation proceedings require the Court to determine first whether shipowner liability exists, and second, whether the shipowner had privity or knowledge of relevant acts of negligence or unseaworthiness.[10] These questions require an inquiry more limited than the inquiry involved in a trial requiring the assessment of multiple parties' damages claims. The issues related to liability will overlap across the limitation proceeding. However, the issue of damages will involve separate questions and will require distinct evidence by each Claimant. Once the Court resolves the limitation issues, the need for trial on damages may be eliminated or reduced. Additionally, considering the severity of risks posed to the public, trial participants, and Court staff caused by the Coronavirus Disease (COVID-19), the Court finds that bifurcation will limit exposing trial participants to each other unnecessarily as much as possible. Finally, bifurcation will help to avoid prejudice by preserving the claimants' ability to seek a jury trial on damages if limitation is denied.[11] Therefore, the Court will try the issues of exoneration from and limitation of liability in one proceeding and will bifurcate the issue of damages.

---

[9] *See Laitram,* 791 F. Supp. at 114-15 (noting that when determining whether to bifurcate, a court "must balance the equities" and "exercise its discretion on a case-by-case basis").
[10] *See Cupit v. McClanahan Contractors, Inc.,* 1 F.3d 346, 348 (5th Cir. 1993); see also 46 U.S.C. § 30505 (permitting vessel owners without "privity or knowledge" to limit liability to "the value of the vessel and pending freight").
[11] *See Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960) (noting claimants' "apprehension that ... [they] will be irrevocably denied their right to jury trials," but stating that "the admiralty court in its decree denying the right to limitation can make certain that [claimants] are free to pursue the petitioner in any other forum having requisite jurisdiction").

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Bifurcate Issues of Exoneration from and Limitation of Liability from Damages (R. Doc. 109) is **GRANTED.**

**New Orleans, Louisiana**, on this 1st day of July, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

4